**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000637
28-FEB-2013
10:13 AM**

NO. CAAP-12-0000637

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL PATRICK O'GRADY, individually; and LEILONI O'GRADY,
individually, Plaintiffs-Appellants,
v.
STATE OF HAWAI'I DEPARTMENT OF TRANSPORTATION,
Defendant-Appellee,
and
THE COUNTY OF HAWAI'I; HAWAIIAN ELECTRIC COMPANY; HAWAIIAN
ELECTRIC LIGHT COMPANY; HAWAIIAN ELECTRIC INDUSTRIES, INC.; and
DOES 1-100, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-372)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record on appeal, it appears that we
do not have jurisdiction over this appeal that Plaintiff/
Counterclaim-Defendant/Appellant Michael Patrick O'Grady and
Plaintiff-Appellant Leiloni O'Grady (the O'Grady Plaintiffs) have
asserted from the Honorable Greg K. Nakamura's June 12, 2012
judgment, because the June 12, 2012 judgment does not satisfy the
requirements for an appealable final judgment under Hawaii

Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2012), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added). "For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint.'" Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4

(emphasis added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Although this case involves the four separate and distinct counts in the O'Grady Appellants' amended complaint, as well as a counterclaim and numerous cross-claims, the June 12, 2012 judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment, nor does the June 12, 2012 judgment expressly dismiss the remaining claims on which the circuit court does not intend to enter judgment. Granted, where parties stipulate to dismiss claims pursuant to HRCP Rule 41(a)(1)(B), "a separate judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties [pursuant to HRCP Rule 41(a)(1)(B)], is effective without order of the court." <u>Amantiad v. Odum</u>, 90 Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (internal quotation marks and brackets omitted). Nevertheless, not all of the stipulations to dismiss claims in the instant case have been "signed by all parties who have appeared in the action," as HRCP Rule 41(a)(1)(B) requires.

> <u>If the circuit court intends that claims other than those</u> <u>listed in the judgment language should be dismissed, it must</u> <u>say so: for example</u>, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "<u>all</u> <u>other claims, counterclaims, and cross-claims are</u> <u>dismissed</u>."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Because the June 12, 2012 judgment (a) does not specifically identify the claim or claims on which the circuit court intends to enter judgment in this multiple-claim case, and (b) does not dismiss the remaining claims, the June 12, 2012 judgment does not satisfy the requirements for an appealable final judgment under HRCP Rule 58 and the holding in Jenkins. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

Absent an appealable final judgment in this case, the O'Grady Appellants' appeal is premature and we lack jurisdiction over appellate court case number CAAP-12-0000637. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000637 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, February 28, 2013.

Chief Judge

Associate Judge

Associate Judge

-4-